## RABIDEAU v. UNITED STATES.
### No. 4335.

Circuit Court of Appeals, Seventh Circuit.
May 23, 1930.

Lawrence T. Allen, of Danville, Ill., for appellant.

Harold G. Baker, of East St. Louis, Ill., for the United States.

Before ALSCHULER, PAGE, and SPARKS, Circuit Judges.

PER CURIAM.

■ There is no merit in the contention of error in the court's refusal at the close of the evidence, on appellant's motion, to order a mistrial on the asserted ground that one of the jurors had at one time been a deputy clerk of a state circuit court. This would have been no lawful ground for challenge for cause, and, besides, such matters are within the court's discretion, and nothing appears to indicate any abuse of its discretion.

■ It is insisted there was no evidence to warrant the jury in concluding that appel-

910

lant owned or was interested in the premises found to be a public nuisance, or had any participation or agency in the unlawful sale of intoxicants at the premises. It appears he did own and run the place about a year before, when, he says, he sold it out to his codefendant, who had been his barkeeper in the soft drink parlor then being conducted.

But there appear a number of circumstances which fairly raise the question of appellant's continued ownership or agency in the conduct of the place. The evidence of himself and that of his codefendant on the subject of the sale fairly raised a jury question as to its truth. He kept for himself one out of several rooms on the second floor of the building, all but this one unoccupied, and all unheated. He was at the place each of the four times in November that the federal agents happened to be there—staying around without hat or coat, sitting at a table or standing at the bar, conversing with the customers, and inviting them to come again. Although a year had passed since the alleged sale, appellant's personal papers were found back of the bar, and recent receipted bills to him for supplies furnished for the place, and rent receipts of the building made out to him. Some of his clothes not then in use were hanging in the place.

Appellant and his codefendant both testified, and the jury, better than we, could judge of their credibility, and the weight to be accorded their testimony. The codefendant had pleaded guilty, and it is freely conceded that beer and liquor were on sale and sold in the place. Appellant's denial of all knowledge of the presence and sale of liquor was for the jury, as well as his protestation that he had sold the place, retaining no interest in or control over it.

We are not at liberty to disturb the judgment thus based on the jury's verdict.

Judgment affirmed.